PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-9371
_____

D. C. Docket No. 1:96-CV-1406-RLV

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
11/16/98
THOMAS K. KAHN
CLERK

NORTHLAKE REGIONAL
MEDICAL CENTER,

Plaintiff-Appellant,

versus

WAFFLE HOUSE SYSTEM
EMPLOYEE BENEFIT PLAN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 16, 1998)**

Before BLACK and CARNES, Circuit Judges, and FAY, Senior Circuit Judge.

BLACK, Circuit Judge:

Appellant Northlake Regional Medical Center (Northlake) appeals the district court's order granting summary judgment in favor of Appellee Waffle House System Employee Benefit Plan (the Plan) on Northlake's claim under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), to recover benefits. The district court ruled that Northlake's claim was time-barred by the Plan's 90-day limitations period. We hold that contractual limitations are valid, regardless of state law, provided they are reasonable. Under the facts of this case the Plan's 90-day limitations period is reasonable, and we affirm the decision of the district court.

## I. BACKGROUND

Garry Bethel began working for Waffle House, Inc. in July 1994, but did not at that time enroll in the Plan. Beginning in January 1995, and continuing through February and March of 1995, Bethel suffered pain in his right front side, above the waist. On March 9, 1995, Bethel enrolled in the Plan. After another episode of pain in April 1995, Bethel went to Northlake, where he was admitted and diagnosed with gallbladder disease. He then underwent surgery at Northlake to remove his gallbladder.

Two Waffle House employees visited Bethel in the hospital and brought the Plan's Summary Plan Description (SPD) for him to look at. Part D of the SPD sets forth the procedure for appealing a denied claim under the caption "Appealing a Denied Claim." Subsection (E) provides that by participating in the Plan, Bethel agreed that "no legal action may be commenced or maintained against the Plan . . . more than ninety (90) days after the Plan Trustees' decision on review."

Bethel filed a claim under the Plan for medical expenses. The Plan denied the claim, concluding that Bethel had experienced symptoms of gallbladder disease before the effective date of coverage. One of the Plan's conditions was that no benefits would be paid for claims related to medical conditions that existed before the effective date of coverage. Bethel appealed the denial of his claim to the Plan's Trustees. On December 27, 1995, the Trustees denied Bethel's appeal and sent notice of their decision to Bethel by letter dated January 5, 1996.

Prior to his surgery, Bethel had assigned to Northlake the rights to any benefits payable by the Plan for his gallbladder surgery. On May 6, 1997, Northlake brought this suit to recover benefits payable to Bethel. In its motion for summary judgment, the Plan cited Northlake's failure to bring

2

the action within the 90-day limitations period set out in the SPD.[1]  The district court granted

summary judgment to the Plan, ruling that the action was time-barred.  On appeal, we address de

novo whether the 90-day contractual limitations period is enforceable.[2]

## II. ANALYSIS

We review a district court's grant of summary judgment de novo applying the same standards

as the district court.  *Harris v. H & W Contracting Co.*, 102 F.3d 516, 518 (11th Cir. 1996).  The

Court must "view all the evidence and all factual inferences reasonably drawn from the evidence in

the light most favorable to the nonmoving party."  *Stewart v. Happy Herman's Cheshire Bridge,*

*Inc.*, 117 F. 3d 1278, 1285 (11th Cir. 1997) (citation omitted).  Summary judgment is proper if the

pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that

the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

ERISA does not provide a statute of limitations for suits brought under § 502(a)(1)(B) to

recover benefits.  Thus, courts borrow the most closely analogous state limitations period.  *See Blue*

*Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1356 (11th Cir. 1998); *see also Wilson*

*v. Garcia*, 471 U.S. 261, 266-67, 105 S. Ct. 1938, 1942 (1985) (noting that "the settled practice has

been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy

to do so."); *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 159 n.1 (11th Cir. 1992) (stating that "a federal

---

[1] The Plan also alleged that Bethel's pre-existing condition barred any recovery of benefits from the Plan.  Because we affirm the district court's ruling that the action was time-barred, it is unnecessary to address whether Bethel's condition predated the effective date of the Plan.

[2] Northlake also argues that the 90-day limitations period violates Georgia public policy and that the Plan waived enforcement of the 90-day limitations period.  The district court rejected these arguments.  We affirm the judgment of the district court as to these issues.  *See* 11th Cir. R. 36-1.

court hearing a federal cause of action should borrow the forum state's statute of limitations when Congress has not expressly provided a limitations period unless a more closely analogous federal statute of limitations exists that would better serve the federal policy interests involved"). Choosing which state statute to borrow is unnecessary, however, where the parties have contractually agreed upon a limitations period.

Although this Court has not answered whether contractual limitations on ERISA actions are enforceable, we find the reasoning advanced by the Seventh Circuit in *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 874-75 (7th Cir. 1997), to be persuasive. We agree with the Seventh Circuit's conclusion in *Doe* that contractual limitations periods on ERISA actions are enforceable, regardless of state law, provided they are reasonable. *Id.* at 875. An ERISA plan is nothing more than a contract, in which parties as a general rule are free to include whatever limitations they desire. Although an employer might not negotiate its ERISA plan with individual employees, the employer still must compete with other employers. In the competitive labor market "employee benefits are an important part of the employee's total compensation package, and the creation of unreasonable barriers to obtaining the benefits may therefore hurt the employer by causing an employee backlash." *Id.* at 874. Moreover, "[t]he requirement that the contractual limitation, to be enforceable, be reasonable backs up the market incentives to deal fairly with the plan's beneficiaries." *Id.* at 874-75.

Northlake argues that the 90-day limitations period prescribed by the Plan is unreasonably short. In this case the period is reasonable. We do not mean to suggest that a 90-day limitations period will always be reasonable, nor do we mean to suggest that a shorter limitations period will

4

ever be reasonable.[3] There are at least three facts in this case that support the reasonableness of the 90-day limitations period. First, nowhere in the record is there any suggestion that the Plan's 90-day limitations period was a subterfuge to prevent lawsuits. Unlike an insurance company, the Plan does not exist to make a profit. It is funded by contributions from participating employees and the employer, not by a contract of insurance with a third-party issuer. Second, the 90-day limitations period is commensurate with other Plan provisions that are designed to process claims with dispatch. In fact, the Plan Trustees have placed similar restrictions on their own actions—for instance, they must complete their review of decisions within sixty days of a covered person's written request for review. Finally, Northlake's suit followed completion of an ERISA-required internal appeals process. *See Doe*, 112 F.3d at 875.[4] Because the district court reviews the Trustee's decision only for abuse of discretion and ordinarily receives no new evidence, most or all of the investigation and evidence-gathering will have been completed before the time for deciding whether to appeal to the district court begins to run. The 90-day limitations period in this case did not begin to run until after the last stage of this administrative process, the Plan Trustees' decision on review. The time required by the Plan's internal appeals process (ten months here) plus the additional ninety days of the limitations period provided an adequate opportunity for Northlake to investigate the claim and file suit.

---

[3] Indeed, it would have been preferable for the Plan Trustees to have given Northlake written notice of the 90-day limitations period when they denied the claim for benefits.

[4] In *Doe*, the Seventh Circuit had no doubt that a contractual limitations period of 39 months from the date of the services for which ERISA benefits were sought was reasonable. *Id.* at 875. In reaching this conclusion, that court drew an analogy between suits under ERISA and suits to challenge an administrative decision, for which ordinarily no more than 30 or 60 days is allowed. Both are review proceedings, not evidentiary ones. *Id.*

## III.  CONCLUSION

Based on the foregoing, we hold that the Plan's 90-day limitations period is enforceable and that Northlake's action is therefore time-barred.

AFFIRMED.