**F I L E D**
United States Court of Appeals
Tenth Circuit

**NOV 23 1999**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WAYNE EUGENE MOORE,

    Plaintiff-Appellant,

vs.

BERG ENTERPRISES, INC. AND
AFFILIATES EMPLOYEE LONG
TERM DISABILITY INCOME PLAN;
BERG ENTERPRISES, INC. AND
AFFILIATES; MARGARETTEN &
COMPANY, INC.; TRANSPORT
LIFE INSURANCE COMPANY;
UNITED HEALTHCARE
ADMINISTRATORS, INC. f/k/a THE
TRAVELERS PLAN
ADMINISTRATORS, INC.; and
CHASE MANHATTAN MORTGAGE,

    Defendants-Appellees.

No. 98-4080
(D.C. No. 2:96-CV-0792-K)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA** and **KELLY**, Circuit Judges, and **WEST**, District Judge.[1]

    Plaintiff/appellant Wayne Eugene Moore was a participant in the Berg Enterprises,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Citation of orders and judgments is generally disfavored; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]The Honorable Lee R. West, Senior United States District Judge for the Western District of Oklahoma, sitting by designation.

Inc. and Affiliates Employee Long Term Disability Income Plan ("Plan"), which qualified as an employee benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq. The Plan was provided by Moore's employer, Margaretten & Company, Inc. ("Margaretten"), a subsidiary of Berg Enterprises, Inc. and Affiliates ("Berg"), and administered by Berg. Berg was subsequently replaced by Travelers Plan Administrators, Inc., and eventually sold to United Healthcare Administrators, Inc. ("UHA"). Transport Life Insurance Company ("Transport Life") insured the Plan and it was the entity to which claims for benefits were sent. UHA is successor-in-interest to Transport Life's liabilities and obligations in this case.

In January 1988, Moore moved from Rochester, Minnesota, to Gilbert, Arizona, where he continued his employment with Margaretten. While in Minnesota, Moore attended a presentation regarding employee benefits. During the presentation, employees heard oral explanations about, and received written information on, the various available benefits, including long term disability benefits. After his relocation to Arizona, Moore, as a new employee, received a copy of the 1988 Summary Plan Description, which contained information regarding both the eligibility requirements for disability benefits and the commencement of legal proceedings to obtain such benefits.

On May 16, 1988, Moore resigned from his employment and thereafter relocated to Utah. In December 1988, he was diagnosed as having chronic fatigue syndrome.

By letter dated February 16, 1990, Moore wrote to Margaretten and requested it provide him "the terms of the Disability Plan." Margaretten forwarded Moore's request to Transport Life on March 7, 1990. Moore received no response from either entity.

On March 7, 1990, Moore submitted a claim for disability benefits under the Plan. Transport Life denied Moore's claim by letter dated September 18, 1990, and after Moore's request for reconsideration, again by letter dated October 29, 1990. Transport Life informed Moore in the latter letter that it "could find no conclusive indication that [Moore was] . . . totally disabled prior to the date [he] . . . terminated [his] . . . employment." It further advised that "[a] postage-paid envelope [was] . . . enclosed for [Moore's] . . . convenience in furnishing any additional information . . . [and] that no benefits [were] . . . payable based on information in [Transport Life's] . . . current file."

Moore did not pursue his claim for benefits until March 1996. At that time, he submitted additional medical records, asked for reconsideration of his claim and requested a copy of all documents pertinent to his claim, including Plan terms. On April 9, 1996, Transport Life advised Moore that the medical records he submitted did "not indicate any additional information" and that it "still uph[e]ld . . . [its] decision of denial of . . . [Moore's] claim."

On September 18, 1996, Moore filed the instant action against the Plan, Berg Enterprises, Margaretten, Transport Life, UHA/Travelers and Chase Manhattan Mortgage ("Chase"), which had acquired Margaretten. Moore sought not only disability benefits under

3

title 29, section 1132(a)(1)(B) of the United States Code but also relief under title 29, section 1132(c)(1) of the United States Code.[2] On cross-Motions for Summary Judgment, the district court determined that Moore's claims against all defendants were time-barred.[3] The district court further determined that even if the claims against Margaretten and Chase were not time-barred, Moore could still not pursue his claims against these two defendants. Moore appealed.

We review de novo the district court's decision to grant summary judgment to the defendants/appellees and in so doing, we affirm.[4]

ERISA contains no statute of limitations which governs claims under section 1132(a)(1)(B) or section 1132(c). Courts therefore look to the "most analogous" state statute of limitations, e.g., Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197 (10th Cir. 1990), or if the plan itself contains a limitations period, to the plan if the contractual

---

[2]Moore also asserted a claim for breach of fiduciary duty under title 29, section 1132(a)(3) of the United States Code. The United States Supreme Court in Varity Corp. v. Howe, 516 U.S. 489 (1996), held that this section does authorize appropriate equitable relief to participants or beneficiaries to redress ERISA violations, but only if no other adequate ERISA remedy is available. Section 1132(a)(1)(B) expressly provides for the recovery of benefits and thus, provides adequate relief. Accordingly, under the undisputed circumstances of this case, Moore is not entitled to "repackage his . . . 'denial of benefits' claim as a claim for 'breach of fiduciary duty[],'" id. at 513, and seek relief under section 1132(a)(3).

[3]Moore has contended that the appellees cannot assert the defense of statute of limitations because they did not do so during the administrative proceedings. The pertinent limitations periods which control the issues in this case govern commencement of civil actions; they do not apply to administrative proceedings.

[4]Having determined that the district court correctly granted summary judgment in favor of all defendants and that such finding is dispositive of this litigation, we need not address the district court's alternative decision that there were disputed factual issues regarding Moore's entitlement to benefits.

limitations period is reasonable.  E.g., Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan, 160 F.3d 1301 (11th Cir. 1998); Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869 (7th Cir. 1997).

The instant Plan precludes actions to recover benefits which are filed "more than 3 years after the time proof of claim is required."  "Proof of claim" is required "no later than 90 days after the end of the elimination period," which is defined as "a period of consecutive days of total disability for which no benefit is payable."  That period is 180 days.  Thus, under the Plan, once Moore had been totally disabled for 180 days, he had ninety (90) days to submit a proof of claim.  Once that 90-day period ended, Moore had three (3) years to file suit.

Moore alleged he was disabled as of May 16, 1988.  Under the Plan, he had three (3) years and 270 days or until February 10, 1992, to bring this action seeking benefits under 1132(a)(1)(B).[5]  The district court was correct in finding not only that this time period was reasonable but also that Moore's claim for benefits under section 1132(a)(1)(B) filed on September 18, 1996, was untimely.[6]

---

[5]Under the disputed facts in this case examined in light of extant case law, we find no merit to Moore's argument that the contractual limitations period was tolled or rendered inapplicable by Transport Life's offer to re-review Moore's claim for benefits if additional information was provided.

[6]To avoid summary judgment, Moore contended that it would be inequitable to apply the Plan's internal limitations period since he was not provided a copy of the Plan after he requested one in 1990.  The evidence however is unrefuted that Moore had been provided a copy of the 1988 Summary Plan Description, which contained all pertinent Plan terms and information regarding Moore's entitlement to long term disability benefits and the three-year limitations period.

As stated, Moore also brought a claim under section 1132(c)(1). This section provides monetary relief under certain circumstances if a plan administrator "fails or refuses to comply with a request for any information . . . within 30 days after such request . . . ." 29 U.S.C. § 1132(c)(1).

Moore requested "the terms of the Disability Plan" from Margaretten on February 16, 1990; his request was forwarded to Transport Life on March 7, 1990. His cause of action therefore accrued no later than April 7, 1990. Even if we agree with Moore that the three-year contractual limitations period does not apply to his claim under section 1132(c)(1), we nevertheless find the claim to be untimely.[7] As part of its comprehensive insurance code, Utah has a three-year statute of limitations for actions based upon insurance contracts. Utah Code Ann. § 31A-21-313(1). Utah also has enacted a four-year "catch all" statute of limitations for actions "not otherwise provided for by law." Utah Code Ann. § 78-12-25(3). Assuming without deciding that one of these two[8] is the "most analogous" statute of limitations, Moore was required to file his section 1132(c)(1) claim no later than either April 7, 1993, or April 7, 1994.

---

[7]E.g., Jones v. Unisys Corp., 54 F.3d 624, 628 (10th Cir. 1995)(appellate court may affirm lower court's decision to grant summary judgment if there is any legal basis to do so).

[8]As the parties did not address the one year limitations period set forth in Utah Code Ann. § 78-12-29, we have not considered its applicability, if any, to Moore's section 1132(c)(1) claim.

The district court also concluded that even if Moore's claims under sections 1132(a)(1)(B) and 1132(c)(1) were not time-barred, Moore still could not pursue these claims against Margaretten and Chase. We agree.

As stated, section 1132(c)(1) provides relief due to a plan administrator's failure or refusal to comply with a request for information. ERISA defines the term "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i). The Plan designated Berg as the Plan administrator. Thus, neither Chase nor Margaretten was a proper party defendant on Moore's section 1132(c)(1) claim.

Section 1132(a)(1)(B), under which Moore sought benefits, holds potentially liable not only plan administrators but also plan fiduciaries. ERISA defines a "fiduciary" as a person, with respect to a plan,

> "(i) [who] . . . exercises any discretionary authority or discretionary control respecting management of such plan . . . , (ii) [who] . . . renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or property of such plan . . . , or (iii) [who] . . . has any discretionary authority or discretionary responsibility in the administration of such plan. . . ."

29 U.S.C. § 1002(21)(A).

The actions of Margaretten and/or Chase in connection with the Plan and about which Moore complained did not bestow fiduciary status on these two parties. Accordingly, Margaretten and Chase were not subject to liability under section 1132(a)(1)(B).

Having determined that Moore has not advanced any issues on appeal that warrant relief, we AFFIRM.

Entered for the Court

Lee R. West
Senior District Judge