[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15799
Non-Argument Calendar

_____

D. C. Docket No. 06-00278-CV-CG

CAROL-LYNN FETTERHOFF,

Plaintiff-Counter
Defendant-Appellant,

versus

LIBERTY LIFE ASSURANCE COMPANY,

Defendant-Counter
Claimant-Appellee,

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 17, 2008)

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Pro-se appellant Carol-Lynn Fetterhoff appeals the district court's dismissal of her complaint for benefits under her employer St. Paul Fire and Marine Insurance Company's ("St. Paul") long-term disability benefits plan, insured by Liberty Life Assurance Company ("Liberty Life"), under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

Fetterhoff had been receiving long-term disability benefits through Liberty Life from 1999 until July 2000, when Liberty Life denied Fetterhoff's claim for continued benefits. Fetterhoff appealed the denial and Liberty Life notified her that it would uphold the denial on January 11, 2001. On May 3, 2006, Fetterhoff filed a complaint against Liberty Life and St. Paul in which she alleged that her policy qualified as a benefits plan under ERISA and that Liberty Life had arbitrarily and in bad faith rejected her claim for benefits. Liberty Life answered the complaint and averred that the complaint was time-barred, and filed a counter claim against Fetterhoff. Fetterhoff then sought to amend her complaint to add wrongful discharge, breach of fiduciary duty, and punitive damage claims. The district court dismissed the claim for punitive damages, denied the motion to amend the complaint as futile, and dismissed the complaint as time-barred. This

2

appeal followed.

1. Motion to Amend

We generally review the denial of a motion to amend a complaint for an abuse of discretion, but review questions of law de novo. Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1291 (11th Cir. 2007). "A party may amend [its] pleading once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). After a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave . . . when justice so requires." Id. The court may deny a motion to amend on numerous grounds, including futility of the amendment. Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000) (internal quotations omitted). An amendment is futile where it fails to state a claim for relief. Daewoo Motor Am., Inc. v. General Motors Corp., 459 F.3d 1249, 1260-61 (11th Cir. 2006), cert. denied, 127 S.Ct. 2032 (2007).

Under ERISA, a beneficiary may commence a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Further, a beneficiary may bring an action for breach of fiduciary duty under 29 U.S.C. § 1109. 29 U.S.C. § 1132(a)(2). ERISA

3

does not provide for extra-contractual relief or punitive damages under 29 U.S.C. §§ 1109, 1132(a)(1)(B), or 1140. Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985) (§ 1109); Godfrey v. BellSouth Telecomms., Inc., 89 F.3d 755, 761 (11th Cir. 1996) (§§ 1132 and 1140).

Additionally, ERISA contains no statute of limitations for claims to recover benefits under § 1132(a)(1)(B) or claims of wrongful termination under § 1140. Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan, 160 F.3d 1301, 1303 (11th Cir. 1998); Musick v. Goodyear Tire & Rubber Co., Inc., 81 F.3d 136, 137-38 (11th Cir. 1996). However, under the statute, a plaintiff cannot commence an action for breach of fiduciary duty "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113(2). Actual knowledge requires more than mere "notice that something was awry." Brock v. Nellis, 809 F.2d 753, 755 (11th Cir. 1987). Instead, the plaintiff "must have had specific knowledge of the actual breach of duty upon which he sues." Id.

State law claims are completely preempted by ERISA where (1) there is a relevant ERISA plan, (2) the plaintiff has standing to sue under that plan, (3) the defendant is an ERISA entity, and (4) the complaint seeks compensatory relief akin

4

to that available under § 1132(a), which is normally a claim for benefits under the plan. See Jones v. LMR Int'l, Inc., 457 F.3d 1174, 1178 (11th Cir. 2006). If a state insurance law is completely preempted by ERISA, the exemption of 29 U.S.C. § 1144(b)(2)(a) does not apply. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1282 n.14 (11th Cir. 2005). Completely preempted state law claims are recharacterized as ERISA claims and arise under federal law. Jones, 457 F.3d at 1178.

Here, the court did not abuse its discretion. The district court properly denied the motion to amend the complaint because Fetterhoff's amended claims were futile. Any state-law claim of wrongful termination, bad faith, breach of contract, or breach of fiduciary duty was completely preempted by ERISA and was time-barred by the policy's one-year contractual limitations period. Further, Fetterhoff's claim for breach of fiduciary duty was time-barred by ERISA's three-year statute of limitations.

2. Motion to Dismiss

We review de novo a "district court's grant of a motion to dismiss under [Fed.R.Civ.P.] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."[1]

---

[1] "A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7

5

Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006).

Fetterhoff argues that the district court erred in dismissing her initial complaint as time-barred because (a) the policy was not covered by ERISA pursuant to 29 U.S.C. § 1321(b)(11), (b) the policy's one-year contractual limitations period conflicted with the state's statute of limitations, requiring the court to apply the statute of limitations pursuant to the policy's conformity clause, and (c) and Liberty Life and St. Paul failed to provide her with notice of her right to sue for benefits and the policy's time limitation pursuant to 29 C.F.R. § 2560.503-1(g).[2]

Upon review of the record, we find no reversible error. First, the doctrine of judicial estoppel prevents a party from presenting an inconsistent position after successfully maintaining that position in an earlier proceeding. New Hampshire v. Maine, 532 U.S. 742, 749, 121 S.Ct. 1808, 1814, 149 L.Ed.2d 968 (2001). Judicial estoppel is appropriate where (1) the party's later position is "clearly inconsistent" with its earlier position, (2) the party succeeded in persuading the court to accept

(11th Cir. 2006). "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under [Fed.R.Civ.P.] 56." Fed.R.Civ.P. 12(d). However, a district court may consider a document attached to a motion to dismiss without converting the motion into a motion for summary judgment where, as here, the document is central to the plaintiff's claim, and its authenticity is not challenged. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

[2] Because Fetterhoff failed to argue the issue of punitive damages in her initial brief, the issue is deemed abandoned on appeal.

its earlier proposition, and (3) the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Id., 532 U.S. at 749-51. Thus, Fetterhoff was judicially estopped from arguing that ERISA did not control the policy because her complaint premised relief on ERISA and the district court relied on that premise in ruling on her motion to amend.

Second, as noted above, ERISA does not provide a statute of limitations for suits brought under 29 U.S.C. § 1132(a)(1)(B) to recover benefits. Northlake Reg'l Med. Ctr., 160 F.3d at 1303. Although we generally apply the most closely analogous limitations period, in this case contract law, from the state in which the action was brought, Harrison v. Digital Health Plan, 183 F.3d 1235, 1238-39, 1241 (11th Cir. 1999), where the parties have contractually agreed upon a limitations period, borrowing a state's statute of limitations is unnecessary. Northlake Reg'l Med. Ctr., 160 F.3d at 1303.

Here, the district court properly determined that the policy's contractual one-year statute of limitations applied because it did not conflict with the state's statute of limitations for contracts. Thus, because Fetterhoff filed her complaint more than one year after she exhausted her administrative remedies with Liberty Life, her complaint was time-barred under the policy's one-year limitation period for filing legal action. Finally, the notice provisions of 29 C.F.R. § 2560.503-1(g) did not

7

apply because Fetterhoff filed her claim for benefits prior to January 1, 2002.

Accordingly, we AFFIRM.