[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 30, 2009
THOMAS K. KAHN
CLERK

No. 09-13687
Non-Argument Calendar
_____

D.C. Docket No. 08-01967-CV-BE-S

STUART S. JOHNSON,

Plaintiff-Appellant,

versus

UNUM PROVIDENT,
UNUM LIFE INSURANCE OF AMERICA,
CLAIM REASSESSMENT UNIT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 30, 2009)

Before TJOFLAT, WILSON and COX, Circuit Judges.

PER CURIAM:

Stuart S. Johnson participated in a group disability policy issued by Unum Life Insurance Company of America.[1] In 1999, Johnson applied to Unum for long-term disability benefits. Unum denied the application. Johnson asked Unum to review its decision to deny benefits three separate times. But, Unum upheld the denial each time, and in a letter dated March 22, 2001, Unum informed Johnson of its decision after the third and final review of the claim.

Several years after Unum denied Johnson's request for benefits, and after a government investigation of Unum's claim settlement practices, Unum entered into a Regulatory Settlement Agreement with state insurance regulators. The agreement called for Unum to offer to reassess certain claims it had previously denied, including Johnson's. In January 2005, Unum mailed a form inviting Johnson to participate in the claim reassessment process. One week later, Johnson returned the form, indicating that he wanted his claim reassessed. Unum acknowledged receipt of Johnson's request and informed him that it would later mail a Reassessment Information Form that would have to be completed and returned within sixty days. In September 2005, Unum mailed the Reassessment Information Form to Johnson,

---

[1]The defendants in this case are identified as Unum Life Insurance Company, Claim Reassessment Unit and Unum Provident. Defendants assert that the companies are actually named Unum Life Insurance Company and Unum Group. Unum Group is the parent company of Unum Life Insurance Company. The companies are referred to collectively in this opinion as "Unum."

but Johnson did not return the form within sixty days. On May 1, 2006, Unum sent Johnson a letter advising him that because the form had not been received by the due date, no further action would be taken on his claim. Counsel for Johnson and Unum exchanged additional correspondence over the next several months. Johnson asserts that during a telephone conversation, a Unum employee told his counsel that Johnson's file was still open pending a redetermination of the denial of benefits. But on October 26, 2006, Unum sent a letter to Johnson's counsel reasserting that because Johnson had not timely submitted the Reassessment Information Form, Unum would not take any further action on Johnson's claim.

Johnson filed suit against Unum in the United States District Court for the Northern District of Alabama on October 22, 2008, asserting five state-law claims: (1) breach of contract arising from Unum's failure to comply with the Reassessment Settlement Agreement; (2) breach of the covenant of good faith and fair dealing arising from Unum's alleged failure to conduct the reassessment process in good faith; (3) equitable estoppel and/or declaratory relief to prevent Unum from asserting a statute of limitations defense that may arise from the language of the disability insurance policy; (4) restitution for premiums paid and benefits wrongfully withheld; and (5) willful and/or wanton misconduct for failing to properly implement the Reassessment Settlement Agreement. Johnson also brought a federal claim asserting

that Unum breached its duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

Unum moved for summary judgment, which the court granted. The court held that ERISA preempted Johnson's claims for breach of contract, equitable estoppel, and restitution. (R.19 at 9.) As to the claim for breach of the covenant of good faith and fair dealing and the claim for willful and/or wanton misconduct, the court held that they were not preempted by ERISA, (*id.* at 11) but they were nonetheless barred by the Alabama statute of limitations. (R.23 at 2.) The court also held that Johnson's ERISA claims were barred by the statute of limitations. (R.19 at 15.) Johnson appeals. We affirm.

We first consider whether Johnson's claims are subject to ERISA preemption. Complete or "super preemption" exists where a plaintiff seeks relief that is available under 29 U.S.C. § 1132(a), the civil enforcement provisions of ERISA. *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1330 (11th Cir. 1998). There is complete preemption when four elements are satisfied. "First, there must be a relevant ERISA plan. Second, the plaintiff must have standing to sue under that plan. Third, the defendant must be an ERISA entity. Finally, the complaint must seek compensatory relief akin to that available under § 1132(a) . . . ." *Butero v. Royal Mccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999) (citations omitted). "[F]ederal courts have

4

subject-matter jurisdiction over state-law claims that have been superpreempted . . . ." *Id.* Even if a claim is not subject to super preemption, it may be subject to "defensive preemption." It does not confer federal subject-matter jurisdiction over the claim, but defensive preemption provides an affirmative defense that requires a federal court to dismiss the preempted state-law claim. *Id.* Defensive preemption arises when claims "seek relief under state-law causes of action that 'relate to' an ERISA plan." *Id.* at 1215 (citation omitted).

We agree with the district court's well-reasoned analysis concluding that Johnson's claims for breach of contract, equitable estoppel, and restitution were subject to super preemption. (R.19 at 7-10.) ERISA may or may not also preempt Johnson's remaining state-law claims. In any event, as discussed below, these claims are barred by Alabama's statute of limitations even if they are not preempted by ERISA. So, we do not consider whether the court erred in concluding that ERISA did not preempt these claims.

We next turn to whether Johnson's claims for the breach of covenant of good faith and willful or wanton misconduct, assuming they are not preempted, are nonetheless barred by the statute of limitations. These are tort claims, subject to Alabama's two-year statute of limitations. Ala. Code § 6-2-38. We conclude that they accrued in May 2006, when Unum notified Johnson that it would take no further

5

action on his claim. Johnson filed his complaint in this case in October 2008, after the two-year statute of limitations had run. He does not contend that tolling extends the limitation period. Therefore, the court did not err in dismissing these claims because they were barred by the statute of limitations.

Finally, we address whether Johnson's ERISA claims are barred by the statute of limitations. ERISA does not provide its own statute of limitations. Courts either borrow a closely analogous state limitations period, or they apply a contractually agreed upon period, provided it is reasonable. *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998). The policy in this case provided for a three-year limitations period, which is reasonable under our precedent. *See id.* at 1304 (holding that a ninety-day limitation provision was enforceable). Johnson's cause of action accrued, at the latest, when Unum denied his claim for benefits. This occurred no later than March 22, 2001, after the third and final review of Johnson's claim. The three-year limitations period expired on March, 22, 2004, more than four years before Johnson filed suit.

The only conceivable argument for why Johnson's ERISA claims are not time-barred is that the Reassessment Settlement Agreement revived Johnson's claims. Johnson does not argue on appeal that the Reassessment Settlement Agreement or the reassessment process itself started the statute of limitations period anew. In fact, he

does not challenge, on any ground, the district court's holding that any claims governed by ERISA are time-barred. And, we see no reason to conclude that the district court's conclusion was clear error. Therefore, we affirm the dismissal of Johnson's preempted state-law claims and Johnson's ERISA claim as time-barred.

AFFIRMED.