[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13653
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00768-CV-W-N

NAOMI B. KNIGHT,
f.k.a. Naomi B. Poole,

                                                    Plaintiff-Appellant,

versus

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 5, 2010)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Naomi Knight appeals pro se the summary judgment in favor of Unum Life

Insurance Company. The district court ruled that Knight's action to recover long term disability benefits was untimely. We affirm.

Infirmary Health System hired Knight as a nurse in the cardiac catherization unit of Mobile Infirmary Medical Center and provided Knight with an insurance policy issued by Unum that provided short term and long term disability benefits. The policy stated that a policyholder could commence "legal action regarding [a] claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law." Knight received short term disability benefits for her absences from work caused by allergic reactions to latex between October 2001 and May 2002. In June 2002, Knight's claim was transferred to Unum's long term disability division. On September 30, 2002, Unum denied Knight long term disability benefits beyond June 25, 2002. Knight appealed and, on December 13, 2002, Unum extended Knight's benefits to December 5, 2002. Knight did not challenge Unum's decision.

On January 18, 2005, Unum mailed Knight a form to request reassessment of her claim for long term disability benefits. Knight completed the form and submitted it to Unum on May 6, 2006. Knight executed a waiver and release explaining that the time required to reassess her claim would be excluded from, but

would not renew, the statute of limitation to commence an action to recover disability benefits.

> To the extent that following the reassessment there remains a complete or partial denial of benefits, my right to initiate or continue litigation regarding that portion of the prior denial that has not been reversed or changed is not waived. In addition, any applicable statute of limitations is tolled during the pendency of the reassessment of my claim; however, I understand that my participation in the Claim Reassessment Process will not revive or reinitiate the statute of limitations with respect to the previous claim decision.

On October 17, 2006, Unum notified Knight that she was entitled to long term disability benefits between December 6, 2002, and July 24, 2003. On March 23, 2007, Knight mailed Unum a letter and attached a copy of a decision by the Social Security Administration granting Knight disability benefits. In her letter, Knight argued that Unum should extend her benefits beyond July 24, 2003.

On September 17, 2008, Knight filed a complaint that Unum had "breach[ed] [its] fiduciary duty and impair[ed] the obligation of contract under the Employment Retirement Income Security Act" by denying her long term disability benefits after July 24, 2003. Unum moved for summary judgment, and the district court granted that motion.

The district court interpreted Knight's complaint as asserting two separate grounds for relief: the breach of fiduciary duty by Unum, 29 U.S.C. § 1109, and the recovery of unpaid long term disability benefits, id. § 1132(a)(1)(B). The

3

district court ruled that Knight could not recover for Unum's alleged breach of fiduciary duty because Knight sought a remedy that would benefit her individually, instead of the employee benefit plan. See Massachusetts. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142–44, 105 S. Ct. 3085, 3090–91 (1985). The district court ruled that Knight commenced her action to recover unpaid benefits after the period of limitation had expired.

Knight argues that her complaint was timely, but we disagree. Knight's policy imposed a three-year statute of limitation for her to file an a complaint about the denial of disability benefits, and Knight does not argue that period of time is unreasonable. See Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan, 160 F.3d 1301, 1303–04 (11th Cir. 1998). Knight commenced her action after the statute of limitation expired.

Knight argues that her action was timely based on the waiver and release that she executed on May 6, 2006, but we disagree. The waiver stated the limitation period would be tolled during the reassessment process and would resume after Unum completed its reassessment. The limitation period commenced on December 13, 2002, when Unum refused to extend Knight's long term disability benefits. The waiver stated that the statute of limitation would be tolled "during the pendency of the reassessment of [Knight's] claim," but the three-year

4

limitation period expired four months before Knight commenced the reassessment process on May 6, 2006.

Even if we were to find that the limitation period was tolled from the day Knight received notice from Unum about the reassessment, her action would nevertheless be untimely. Knight received her notice of the reassessment on January 18, 2005, two years and one month after Unum denied Knight's claim for long term disability benefits. After the reassessment, Unum denied Knight's claim for benefits on October 17, 2006. Knight waited until September 17, 2008, a year after the period of limitation would have expired, to file her complaint against Unum.

The summary judgment in favor of Unum Life Insurance is **AFFIRMED**.