[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16127
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2010
JOHN LEY
CLERK

D.C. Docket No. 08-02092-CV-T-23-MAP

DAVID BENNETT,

Plaintiff-Appellant,

versus

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 17, 2010)

Before BARKETT, HULL and COX, Circuit Judges.

PER CURIAM:

Plaintiff David Bennett worked as a refrigeration technician for Ingersoll-Rand

Company, which provides long-term disability benefits to its employees through a

plan administered by Defendant Metropolitan Life Insurance Company ("MetLife"). The plan provides a monthly benefit to an employee who suffers from a long-term disability. An employee is disabled under the plan if he or she requires the regular care of a doctor due to an injury or sickness and is unable to perform the material duties of any gainful work for which he or she is reasonably qualified. After twenty-four months of payments, an employee will no longer be considered disabled if he or she has not been approved to receive Social Security Administration benefits due to disability or age. The plan also provides, "[i]f you do not receive Social Security Benefits after 30 months following your disability, your Long Term Disability Benefits will end. However, you have one additional year to obtain Social Security Benefits. If such Social Security Benefits are approved and received within 12 months, your Long Term Disability Benefits are reinstated." (R.1-1 Ex. A at 16.)

To receive benefits, an employee must submit a written claim during the "elimination period," defined as the 180 days after the first day of disability. The employee must provide proof of the claim within ninety days after the end of the elimination period. "If notice or proof is not given on time, the delay will not cause a claim to be denied or reduced as long as the notice or proof is given as soon as possible." (*Id.* at 15.) But, "[n]o lawsuit may be started more than 3 years after the time proof must be given." (*Id.*)

2

In September 2002, Bennett sustained an on-the-job injury and stopped working for Ingersoll-Rand. He submitted a claim for long-term disability benefits, which MetLife approved. MetLife paid benefits to Bennett for twenty-four months, beginning on March 29, 2003, and ending on March 28, 2005. It stopped paying benefits because Bennett had not been approved to receive Social Security disability benefits within twenty-four months after first receiving payments. On August 15, 2005, Bennett filed an administrative appeal of the denial of benefits. On September 8, 2005, MetLife affirmed the denial of benefits and explained in a letter: (1) that Bennett's medical history failed to support a finding that he was disabled because he could perform a sedentary-to-light occupation; (2) that Bennett failed to meet the plan's definition of disabled because he had not been approved to receive Social Security Disability benefits; and (3) that he had exhausted administrative remedies and could pursue a civil action under the Employee Retirement Income Security Act of 1974 ("ERISA") if he so desired. On June 6, 2008, Bennett submitted to MetLife a "Request for Case Reinstatement," which stated that he had recently been approved to receive Social Security disability benefits. On June 27, 2008, MetLife denied the request for reinstatement in a letter, which explained that MetLife had previously reviewed and properly denied his claim. On October 20, 2008, Bennett filed this

3

action in the United States District Court for the Middle District of Florida to recover long-term disability benefits under ERISA.

MetLife moved for summary judgment, which the district court granted. The court held that Bennett's claim was barred by a reasonable three-year contractual limitation period contained in the plan and that MetLife correctly denied Bennett's claim for benefits. Bennett appeals; he argues that the court erred in concluding that his claim is time barred under the plan's limitation period. In the alternative, he argues that even if his claim is barred by the plan's limitations period, that provision is unreasonable and/or unconscionable.

ERISA does not provide its own statute of limitations. Courts either borrow a closely analogous state limitations period, or they apply a contractually agreed upon period, provided it is reasonable. *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998). The policy in this case provided for a three-year limitations period, which is reasonable under our precedent. *See id.* at 1304 (holding that a ninety-day limitation provision was enforceable). It bars any lawsuit filed more than three years after "the time proof must be given." Applying the plain language of the plan, the limitations period bars any action by

Bennett filed after June 27, 2006.[1] (R.1-1 Ex. A at 15.) Bennett filed this action on October 20, 2008, more than two years after the limitations period expired. Bennett argues that his claim is not barred because: (1) the elimination period began on the date MetLife first denied his claim, March 28, 2005, and his claim accrued on June 27, 2008, when MetLife denied the claim for the last time; (2) the plan permits late notice of a proof of a claim if it is given "as soon as possible" and Bennett satisfied this provision by providing MetLife notice that he had been approved to receive Social Security benefits soon after receiving a favorable Social Security Disability decision; and (3) a rider amended the plan to displace the contractual limitations period. After review of the record, we agree with the district court's analysis concluding that these arguments conflict with the unambiguous language of the plan and that Bennett's claim is barred by the contractual limitations period. (R.1-28 at 3 n.1; 6-7.)

Bennett also argues that the contractual limitations period is unreasonable and/or unconscionable because it runs while benefits are being paid and while the Social Security Administration considers a claimant's Social Security disability claim.

_____

[1]Bennett's disability and the 180-day elimination period began on September 30, 2002. The elimination period ended on March 29, 2003. The plan states that proof of a claim must be submitted within ninety days following the end of the elimination period, no later than June 27, 2003, in Bennett's case. The limitations period bars actions filed more than three years after this date.

According to Bennett, the district court's interpretation of the plan permits a denial of benefits to Bennett "on the basis that the Social Security Administration took too long to make its determination that he was disabled." We consider whether the limitations period is unreasonable and/or unconscionable in light of the facts and circumstances of Bennett's case. Bennett sustained his injury in September 2002, but did not submit a claim for Social Security disability benefits until April 2005. Given Bennet's delay in seeking Social Security disability benefits, we agree with the district court's analysis concluding that the plan is neither unreasonable nor unconscionable as applied to the facts of this case. (R.1-28 at 9-10.) Therefore, we hold that the district court did not err in holding that Bennett's claim is barred by the plan's three-year contractual limitation.

AFFIRMED.