NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0816n.06

No. 14-1369

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 28, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| STEPHEN MAZUR, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| UNUM INSURANCE COMPANY, | ) | WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: BATCHELDER, GILMAN, and GIBBONS, Circuit Judges

**ALICE M. BATCHELDER, Circuit Judge.** Appellant Stephen Mazur's state-court complaint alleged that UNUM Insurance Company ("UNUM") breached its contract with Mazur and misrepresented the nature of the benefits to which he was entitled as the beneficiary of his ex-wife's life insurance policy ("policy"). UNUM removed the case to federal court, claiming that it arose under the Employee Retirement Income Security Act ("ERISA"), and the district court dismissed the case because Mazur failed to comply with the policy's notice provisions. We construe Mazur's claims as ERISA claims and AFFIRM.

**I.**

Before they divorced on November 2, 1998, Mazur was the beneficiary of Claudia Hages's $79,600 policy. The Judgment of Divorce stated that "any rights of either Party in any policy or contract of life, endowment or annuity insurance of the other, as beneficiary are

1

extinguished unless specifically preserved by this Judgment." Hages reinstated Mazur as the policy's named beneficiary sometime later without telling him. Hages died on November 3, 1999.

> The policy's limitations provide:
>
> Written notice of claim must be given to the Insurance Company within 30 days after the date of loss on which claim is based. If that is not possible, the Insurance Company must be notified as soon as it is reasonably possible to do so.
> . . . .
> Proof of claim must be given to the Insurance Company no later than 90 days after the date of loss. . . . If it is not possible to give proof within this time limit, it must be given as soon as reasonably possible. But proof of claim may not be given later than one year after the time proof is otherwise required . . . .
> . . . .
> A claimant or the claimant's authorized representative cannot start any legal action . . . more than 3 years after the time proof of claim is required.

Mazur filed a claim on the policy on June 9, 2010, which UNUM denied as untimely. Mazur filed a complaint against UNUM in Emmet County, Michigan Circuit Court, alleging claims for breach of contract and misrepresentation. UNUM, citing ERISA's remedial scheme, 29 U.S.C. § 1132, removed the case to the U.S. District Court for the Western District of Michigan. The district court granted UNUM's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), holding that "[e]ven if equitable tolling was [sic] applicable, Plaintiff failed to give notice to Unum within the time required by the policy and offers no excuse for not doing so." Mazur appealed.

## II.

Although the district court described this as an "ERISA case," Mazur has not pleaded ERISA causes of action; instead, his complaint states state-law breach-of-contract and misrepresentation claims.[1] But ERISA completely preempts all state-law claims that "relate

---

[1]Mazur's complaint does not state specifically whether these claims are state-law claims, but the fact that he brought these claims in state court and failed to mention ERISA or any federal question suggests that they are.

to"—even tangentially—an ERISA plan such as the policy here.[2]  *See Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991) ("It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit."); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987) (holding "that Congress clearly expressed an intent that the civil enforcement provisions of ERISA § [1132](a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of § [1132](a) would pose an obstacle to the purposes and objectives of Congress."); *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995) ("Therefore, in order to come within the exception a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in § 1132(a)(1)(B).").

In this case, Mazur's two-count complaint alleges claims that "are essentially state law claims seeking benefits under an employee benefit plan." *State Farm Mut. Auto. Ins. Co. v. Blue Care Network of Mich.*, No. 04-CV-72741, 2005 WL 2123730, at \*2 (E.D. Mich. Aug. 31, 2005).  First, his breach-of-contract claim alleges "[t]hat the Defendant withheld the full amount for the loss of life of Ms. Hages from Plaintiff when Plaintiff filed a valid proof of loss."  Compl. ¶ 21.  Second, his misrepresentation claim alleges "[t]hat the Defendant misrepresented the terms

---

[2]It is undisputed that Compuware Corporation provided the policy to Hages as part of her "employment benefits," Pl.'s Br. 3, and thus the policy is an ERISA plan.  *See* 29 U.S.C. § 1002(1) ("The terms 'employee welfare benefit plan' and 'welfare plan' mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, [or] death . . . .").

of the contract." Compl. ¶ 27. Both claims "relate to" an employee benefit plan governed by ERISA, which means that "the relief provided by ERISA is the only relief available . . . ." *Smith v. Provident Bank*, 170 F.3d 609, 615 (6th Cir. 1999). And we have previously held that these claims—"negligent misrepresentation" and "breach of contract"—are "at the very heart of issues within the scope of ERISA's exclusive regulation," thus warranting preemption. *Cromwell*, 944 F.2d at 1276; *see also Smith*, 170 F.3d at 615 (holding that claims such as breach of contract and misrepresentation, when related to an employee benefit plan, are preempted).

Rather than granting Mazur leave to file an amended complaint or dismissing the complaint without prejudice, the district court appears to have construed Mazur's state-law claims as properly pleaded ERISA claims under § 1132(a) and addressed the merits. Other courts have followed this approach. *See Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp. 2d 792, 818 (S.D. Ohio 2003) ("[Amendment] is not an absolute requirement. Indeed, the Court has at other times simply recognized the existence of the ERISA claim."); *see also Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("[Defendant] argued, and the district court held, that this allegation comes within ERISA. Removal depended on a conclusion that the complaint, *as filed*, arose under federal law. What would be the point of amending the complaint to make explicit what the district judge has held is the only possible interpretation of the document?"). And this approach is especially appropriate where, as here, amendment would have been futile anyway because Mazur's claims are untimely. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend need not be freely given where the "futility of amendment" is apparent); *Smith v. Commonwealth Gen. Corp.*, No. 12-6284, 2014 WL 5032357, at *5 (6th Cir. Oct. 9, 2014) (holding the same in the ERISA context). We will therefore construe Mazur's claims as ERISA claims and analyze them accordingly.

4

ERISA's "statutory scheme . . . is built around reliance on the face of written plan documents." *US Airways, Inc. v. McCutchen*, 133 S. Ct. 1537, 1548 (2013) (internal quotation marks omitted); *see also* 29 U.S.C. § 1102(a)(1) ("Every employee benefit plan shall be established and maintained pursuant to a written instrument."). The Supreme Court has "recognized the particular importance of enforcing plan terms as written in § [1132](a)(1)(B) claims." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 606–07 (2013). Although ERISA does not provide a statute of limitations for suits, proof of loss, or notice of claims, we enforce the parties' contractual agreement provided "that the limitations period is reasonable." *Med. Mut. of Ohio v. k. Amalia Enters. Inc.*, 548 F.3d 383, 390 (6th Cir. 2008); *see also Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998) ("We agree with the Seventh Circuit's conclusion in *Doe* that contractual limitations periods on ERISA actions are enforceable, regardless of state law, provided they are reasonable.").

The district court assumed that because "ERISA does not contain a limitations period for claims seeking benefits" and because "state laws that regulate insurance apply, including notice-prejudice rules," "Michigan law applies here when analyzing the statute of limitations and notice requirements of the contract." But federal courts only borrow a state limitations period in the absence of a reasonable contractually agreed upon period. In *Medical Mutual*, 548 F.3d at 390–91, we cited approvingly two sister-circuit cases holding that "contractual limitations periods on ERISA actions are enforceable, regardless of state law, provided they are reasonable." *Northlake*, 160 F.3d at 1303; *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 875 (7th Cir. 1997) ("We conclude that such limitations if reasonable are enforceable in suits under ERISA, regardless of state law.").

Mazur argues that Michigan's notice-prejudice requirement applies under *UNUM Life Insurance Co. of America v. Ward*, 526 U.S. 358, 364 (1999), which held that California's notice-prejudice rule was not preempted by ERISA because it "regulate[d] insurance" under 29 U.S.C. § 1144(b)(2)(A). But *Ward* is inapposite because Michigan has no specific statutory or common law rules that apply to this case. Despite Mazur's insistence that UNUM is required to prove that a beneficiary's untimely claim prejudiced the plan, the case to which he cites— *Aetna Casualty & Surety Co. v. Dow Chemical Co.*, 10 F. Supp. 2d 800, 810 (E.D. Mich. 1998)—observes only that Michigan law requires an insurer to prove prejudice before using an insured's late notice to avoid *indemnification*. And Michigan has since abolished this notice-prejudice requirement anyway. *See DeFrain v. State Farm Mut. Auto. Ins. Co.*, 817 N.W.2d 504, 506 (Mich. 2012) ("We hold that an unambiguous notice-of-claim provision setting forth a specified period within which notice must be provided is enforceable without a showing that the failure to comply with the provision prejudiced the insurer."). Even if Michigan law were to govern—either directly or through the savings clause—UNUM is not required to show prejudice prior to raising an untimely notice-of-claim defense.

## III.

We apply the limitations periods specified in the policy because they apply to Mazur's ERISA claims, and because Mazur has not argued that these limitations are unreasonable. *See Med. Mut. of Ohio*, 548 F.3d at 391 ("Because the contract language clearly states that the parties shall have either two years or three years to bring the claim at issue and MMO did not present arguments indicating that a limitations period of two or three years would be unreasonable, we find no reason to believe that the contractual limitations provision here is unreasonable.").

The policy requires a beneficiary to provide "notice of claim . . . within 30 days after the date of loss" or "as soon as it is reasonably possible to do so." But Mazur filed his claim on June 9, 2010, over *ten* years after Hages died. A beneficiary also "cannot start any legal action . . . more than 3 years after the time proof of claim is required." And "proof of claim may not be given later than one year after the time proof is otherwise required . . . ." Proof is "otherwise required" within ninety days of the date of loss. Mazur was required to initiate this legal action no later than February 1, 2004—or a total of four years and ninety days after Hages died. Mazur missed this deadline by over *nine* years.

Mazur argues that the discovery rule equitably tolls these limitations periods until sometime in April 2010, when he first discovered that he was the policy's named beneficiary. Like the district court, we "need not decide whether equitable tolling applies," because Mazur's claims are untimely regardless.[3] Mazur concedes that he discovered that he was the policy's named beneficiary sometime in April 2010. Yet he waited at least forty days—until June 9—to file his claim, which is the only "notice" he gave UNUM. Mazur failed to comply with the thirty-day notice provision and has not explained why it was not "reasonably possible" for him to meet this deadline or notify UNUM before June 9. Mazur's only excuse is that "he had no actual or constructive knowledge of the policy filing deadlines, and, in fact, did not find out about them until . . . July 2, 2010 . . . ." Pl.'s Br. 16. Although courts sometimes excuse delay under notice provisions like the one here, they do so only until the beneficiary obtains knowledge of the existence of the policy, not knowledge of every intricate policy detail. *See, e.g.*, *Hosp.*

---

[3]We note in passing that the federal common law of ERISA—not Michigan law—controls the availability of equitable tolling here. In *Medical Mutual of Ohio*, 548 F.3d at 391, we held that "although the parties and the district court assumed that Ohio law governed application of the 'discovery rule,' we have held that the 'discovery rule' is a matter of federal common law in the context of ERISA claims under § 1132(a)(3)." *See also Mich. United Food & Commercial Workers Unions & Drug & Mercantile Emps. Joint Health & Welfare Fund v. Muir Co.*, 992 F.2d 594, 598 (6th Cir. 1993) ("Although the statute of limitations may be borrowed from state law, it is federal law that determines the date on which a statute of limitation begins to run.").

*Underwriting Grp., Inc. v. Summit Health Ltd.*, 63 F.3d 486, 492 (6th Cir. 1995) (focusing on a beneficiary's knowledge of the existence of the insurance policy).  Mazur discovered that he was the policy's named beneficiary on April 30 at the latest, but his first communication with UNUM occurred when he filed his claim on June 9.  Mazur's claim is untimely because, even assuming the limitations period is tolled until when Mazur's complaint alleges he acquired knowledge that he was the policy's named beneficiary, he still failed to satisfy the notice provision in the policy.

## IV.

For the foregoing reasons, we AFFIRM the judgment of the district court.