[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13682

_____

D. C. Docket Nos. 04-00538-CV-2-WHA-DRB & 04-00494-CV-2-W

IRENE JONES,
JIMMY GORDY,
LILLY FRANKLIN,
CALDONIA JACKSON,
PATRICIA JONES,
BRENDA MYERS,
LORETTA PERSON,
MARSHA BALDWIN,
DONNA PARISH,
DAVID HELMS,
ARLANDREW MORRIS,
JAMES GLENN,
ERMA DINKINS,
IZORA REEVES,
BARBARA KING,
TIMOTHY J. SNIPES,
TANGELA GLENN,
SYBIL HARTZOG,
JUANITA BAILEY,
TIFFANY EDWARDS,
LORENA MING,
SANDRA MORRIS,
LAWANDA MORRIS,
GLORIA JOHNSON,
DAVID WARD,
CLARA REE TUGGLE,
LAWANDA R. GLENN,

CYNTHIA CHRISTINSEN,
CASSANDRA JOHNSON,
JERRY HILL,
CORRIANNE HICKS,
CHRISTINE WHIGHAM,
FAYE TEW,

Plaintiffs-Appellants,

versus

LMR INTERNATIONAL, INC.,
a business or corporation, a division or
subsidiary of
Custom Services International, Inc.,
CUSTOM SERVICES INTERNATIONAL, INC.,
a business or corporation,
GREAT WEST LIFE & ANNUITY INSURANCE COMPANY,
a business or corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

**(July 31, 2006)**

Before EDMONDSON, Chief Judge, and HILL and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

The questions presented in this appeal are (1) whether the Employee

Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA") completely preempts state law claims seeking damages for breach of contract, lost health insurance benefits, failure to notify that an ERISA plan had lapsed and premium payments for losses incurred after the plan lapsed; and (2) whether claims against an entity which played a role in the administration of ERISA plan benefits and against which claims are brought for, among other things, failure to disclose that the ERISA plan had lapsed are defensively preempted.

## I. Background

Plaintiffs were employees of Defendant LMR International, Inc. ("LMR"), which offered a self-funded cafeteria-style employee benefits plan. Defendant Great West Life & Annuity Insurance Company ("Great West") performed services for the plan, including claims processing.

Plaintiffs' filed companion cases in Alabama state court alleging the following[1]: In 2003, although LMR deducted funds from Plaintiffs' paychecks for its health benefits plan, LMR failed to remit those funds to Great West. LMR failed to fund its account for claims paid on its behalf, and Great West terminated its contract with LMR. Defendants did not notify Plaintiffs that their insurance coverage had been canceled. As a result, Plaintiffs incurred costs of medical

---

[1] Although Plaintiffs originally filed separate, companion cases, those cases were eventually consolidated by the district court at Plaintiffs' request.

treatment for which they were denied insurance coverage and were damaged through: economic loss, civil theft, unjust enrichment, mental anguish and emotional distress, loss of health insurance coverage, embarrassment and humiliation, and permanent damages.

Plaintiffs brought claims against LMR, Great West, Lillie Thomas (an employee of LMR), and Custom Services International, Inc. ("CSI").[2] Plaintiffs alleged state law claims for fraud, suppression and deceit, breach of contract, civil theft, unjust enrichment, negligence, and wantonness. Defendants removed to federal court, arguing that the court had subject matter jurisdiction because the state law claims were completely preempted by ERISA.

Plaintiffs conducted discovery on the jurisdictional issue and then moved the district court to remand their case for lack of federal jurisdiction. The district court denied the motion to remand, holding that Plaintiffs' claims were completely preempted because, although the relevant ERISA plan may have lapsed, it had been established by LMR, which is all the ERISA statute requires. Plaintiffs sought clarification as to the nature of claims which could be asserted against various defendants and sought certification for interlocutory appeal. The district court issued orders stating that the most efficient way to proceed would be to allow

---

[2] The district court stayed the claims against CSI by a separate order pending CSI's bankruptcy. Thus, the state law claims against CSI were not dismissed.

Plaintiffs to amend their complaint to assert ERISA claims and any state law claims they felt were appropriate, explaining that the court would then rule on any motions to dismiss the state law claims.

Plaintiffs filed an amended complaint asserting a claim under ERISA as well as the state law claims. The district court subsequently dismissed the state law claims against LMR as having been completely and defensively preempted and the claims against the other defendants as having been defensively preempted.

Defendants filed motions to dismiss, and the district court held that Plaintiffs' state law claims were defensively preempted, dismissing all claims apart from the ERISA claim in count 8. With respect to the ERISA claim, the court granted Defendants' motion to strike Plaintiffs' jury demand. The district court then certified its orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and this court agreed to hear the certified appeal.

## II. Standard of Review

We review questions of jurisdiction de novo. McKusick v. City of Melbourne, 96 F.3d 478, 482 (11th Cir. 1996) (citing Lucero v. Operation Rescue, 954 F.2d 624, 627 (11th Cir. 1992)). In reviewing matters concerning removal and remand, "it is axiomatic that ambiguities are generally construed against removal."

Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).[3]

We review the district court's dismissal of the state law claims de novo. Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1211 (11th Cir. 1999).

### III. Discussion

Complete Preemption Following Lapse of Relevant Plan

Plaintiffs argue that the district court erred in denying their motion to remand because the relevant ERISA plan had been terminated by the time their claims accrued and that, therefore, their claims cannot be preempted by ERISA.

In determining whether federal jurisdiction exists, we apply the well-pleaded complaint rule, which requires that we look to the face of the complaint rather than to defenses, for the existence of a federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Although generally a case may not be removed on the basis of a federal defense, Id. at 393, an exception exists in cases of "complete preemption," where Congress so "completely pre-empt[s] a particular area that any civil complaint . . . is necessarily federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). As ERISA claims are completely preempted, see id. at 64-67, state law claims that seek relief available under ERISA are recharacterized as ERISA claims and arise under federal law. Kemp v. IBM Corp.,

---

[3] In Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

109 F.3d 708, 712 (11th Cir. 1997).

This court considers four elements when deciding whether state law claims are <u>completely</u> preempted: (1) There must be a relevant ERISA plan; (2) the plaintiff must have standing to sue under that plan; (3) the defendant must be an ERISA entity; and (4) the complaint must seek compensatory relief akin to that available under § 1132(a), which is normally a claim for benefits under the plan. <u>Ervast v. Flexible Prods. Co.</u>, 346 F.3d 1007, 1012-13 (11th Cir. 2003); <u>Butero</u>, 174 F.3d at 1212.

The first question presented in this case centers around the first element: whether there was a relevant ERISA plan when Plaintiffs' injuries arose. The ERISA statute defines an "employee welfare benefit plan" as "any plan, fund, or program which was . . . established <u>or</u> maintained by an employer." 29 U.S.C. § 1002(1) (emphasis added). Because a covered plan is defined in the disjunctive, the plain language of the statute would seem to suggest that ERISA preemption applies to actions under ERISA plans that were originally established by an employer even if those plans are now defunct.

Plaintiffs argue, however, that a defunct ERISA plan is no longer an "established plan" and therefore is not a plan "established or maintained" by the employer. Plaintiffs rely primarily on <u>Whitt v. Sherman Int'l Corp.</u>, 147 F.3d 1325

7

(11th Cir. 1998), in which this court held that "[b]ecause . . . no ERISA 'plan' existed at the time of Whitt's termination, [] Whitt's state causes of action are not preempted by ERISA." Id. at 1327. Yet the Whitt holding is not nearly as broad as Plaintiffs and the language quoted above suggest. In Whitt, an ERISA plan had not yet been established at the time the plaintiff's claims accrued, a fact central to the court's holding. See id. at 1330-31. In contrast, here neither party disputes that LMR's ERISA plan was established before Plaintiffs' claims accrued. Instead, the question is whether Plaintiffs' state law claims are preempted even though the relevant plan had lapsed prior to that point.[4]

In Plaintiffs' view, an "established plan" is a plan that is being maintained at the time a claim arises. If we accepted Plaintiffs' proposed understanding of "established," we would effectively write the term out of the statute. Instead, we hold that, assuming the other requirements for complete preemption are met, state law claims relating to a lapsed ERISA plan are completely preempted by ERISA. This conclusion is dictated by the plain language of the statute. Although the plain

---

[4] Plaintiffs also cite to Forbus v. Sears Roebuck & Co., 30 F.3d 1402 (11th Cir. 1994) and Demars v. Cigna Corp., 173 F.3d 443 (1st Cir. 1999), both of which are easily distinguished from the instant case. In Forbus, the court held that the plaintiffs' claims did not relate to an ERISA plan because they alleged fraudulent representations concerning the elimination of the plaintiffs' jobs, not representations relating to benefits under the plan. 30 F.3d at 1404. In Demars, the First Circuit noted that "infinite relations cannot be the measure of preemption," in considering whether the plaintiff's claim related to her conversion policy, which in turn related to her former ERISA plan. 173 F.3d at 445. Thus the infinite relations to which the court referred were not temporal relations.

language is controlling, see CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1222 (11th Cir. 2001), we note that it also accords with the legislative history, which is replete with references to how the new statutory scheme will address problems associated with the termination of employee benefits plans.  See S. Rep. No. 93-127 (1973), reprinted in 1 Subcomm. on Labor of the S. Comm. on Labor and Public Welfare, 94th Cong., 2d Sess., Legis. History of the Employee Retirement Income Security Act of 1974, at 587, 615 (Comm. Print 1976). Accordingly, we hold that the district court properly retained jurisdiction over the instant case.

Defensive Preemption of Claims Against Non-Fiduciary Plan Administrator

The district court dismissed Plaintiffs' state law claims in their Amended Complaint, ruling that such claims were defensively preempted by ERISA. Plaintiffs argue that these claims should be remanded because they are not completely preempted.  Regardless of whether they are completely preempted, however, the district court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.  Accordingly, we consider only whether the claims are defensively preempted.

Unlike complete preemption, which is jurisdictional, defensive preemption is a substantive defense, justifying dismissal of preempted state law claims.

9

Ervast, 346 F.3d at 1014.  A state law claim is defensively preempted under ERISA if it relates to an ERISA plan.  29 U.S.C. § 1144(a) (ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and are not exempt under section 1003(b) of this title.") (emphasis added).

Whether a claim relates to a plan and is thereby preempted by ERISA is ultimately a question of congressional intent.  See N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655 (1995).  Because the 'relate to' test is of limited utility, we "'must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive.'" Morstein v. Nat'l Ins. Serv., Inc., 93 F.3d 715, 722 (11th Cir. 1996) (en banc) (quoting N.Y. State Conference of Blue Cross & Blue Shield Plans, 514 U.S. at 656).

The legislative history suggests that the sweep of ERISA preemption is broad, applying well beyond those subjects covered by ERISA itself. See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 98-99 (1983).  The claims against LMR, an ERISA entity, all clearly relate to the plan and are thus preempted.  Likewise, claims against Lillie Thomas are preempted because Thomas served as an agent of

10

LMR in administering the plan, even if she is not herself an ERISA entity. See Butero, 174 F.3d at 1213 n.2 (declining "to hold that claims against an ERISA entity's employee escape the preemption that would doom state-law claims against the entity itself" because "[s]uch a holding would reduce all of ERISA's preemptive scope to nothing but a trap for an artless pleader").

Plaintiffs' claims against Great West present a closer question. In Morstein, we held that a claim against an insurance company (a non-ERISA entity) for fraudulently inducing the plaintiff to change benefit plans was not preempted, explaining that if "a state law claim brought against a non-ERISA entity does not affect relations among principal ERISA entities as such, then it is not preempted by ERISA." 93 F.3d at 722. Plaintiffs, however, apparently conceded in Count 8 of their Amended Complaint that, at least at one time, Great West was an ERISA fiduciary. As we explained above, the fact that the plan may have lapsed prior to the claims at issue arising is of no moment.

Moreover, even if Great West were not deemed an ERISA fiduciary, the particular claims brought against it by Plaintiffs would be preempted because the state law claims against Great West affect relations among principal ERISA entities, namely LMR and Plaintiffs. In Howard v. Parisian, Inc., 807 F.2d 1560 (11th Cir. 1987), we determined that state law claims against a non-fiduciary plan

11

administrator for the wrongful termination of benefits were preempted by ERISA. Id. at 1565. We held that allowing such claims "would upset the uniform regulation of plan benefits intended by Congress." Id. Here, Plaintiffs' claims against Great West for, among other things, failing to disclose that the ERISA plan had lapsed, would likewise upset the uniform regulation of plan benefits contrary to Congress's intent. These claims thus are preempted regardless of whether Great West is an ERISA entity.

Accordingly, we **AFFIRM** the orders of the district court.