[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14927

_____

D.C. Docket No. 0:10-cv-60359-KMM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 30, 2011
JOHN LEY
CLERK

CHARLES MERSCH,

Plaintiff - Appellant,

versus

CITY OF CORAL SPRINGS,
a Florida municipality,

Defendant - Appellee,

CORAL SPRINGS POLICE DEPARTMENT,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2011)

Before TJOFLAT and MARTIN**,** Circuit Judges, and DAWSON,[*] District Judge.

_____

[*] Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

PER CURIAM:

Plaintiff-Appellant, Charles Mersch, appeals the district court's grant of summary judgment in favor of the defendant-appellee, the City of Coral Springs. Our review is de novo. Dees v. Johnson Controls World Servs., Inc., 168 F.3d 417 (11th Cir. 1999); Jones v. LMR Intern., Inc., 457 F.3d 1174. 1177 (11th Cir. 2006).

Mersch brings this action under 42 U.S.C. § 1983, claiming that Coral Springs violated his federal and state constitutional rights, as well as certain state statutory rights, in the manner in which it arrested him and then investigated his conduct following an alleged domestic altercation between Mersch and his ex-wife. Because he brings suit against the city, he must demonstrate not only that his rights were violated, but also that they were violated pursuant to a policy or custom of the city. See McMillan v. Monroe Cnty., 520 U.S. 781, 785, 117 S. Ct. 1734, 1736 (1997). The district court concluded that Mersch could not make this showing, and that his state claims did not entitled him to relief, and as a result granted summary judgment in favor of the city. We now affirm.

Mersch's federal and state constitutional claims fail because he does not identify any constitutional violations for which he is entitled to relief. Mersch's former wife gave a sworn statement implicating Mersch, which gave the police

ample probable cause to effect an arrest and open an internal investigation into the altercation. Moreover, although the first internal investigation into Mersch's conduct was tainted by improper conduct, as the district court explained, "[t]hat investigation was terminated[,] . . . [a] new investigation was initiated, and Mersch does not bring claims for any violations of constitutional rights that occurred as a result of [that second] investigation." Quite simply, therefore, his accusations "leave[] no room for the conclusion . . . that the City of Coral Springs has a custom or policy of permitting high ranking officials in the [Coral Springs Police Department] to utilize internal investigations in an abusive manner that violates the constitutional rights of its officers." His state constitutional claims fail for the same reason—he has failed to tie any misconduct in the first investigation to the second investigation, for which all discipline stemmed.

Mersch also seeks equitable relief for violations of certain Florida statutes, but we find this argument to be moot. Generally, "[a] case is moot when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated in circumstances where it becomes impossible for the court to grant any effectual relief whatever to the prevailing party." City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S. Ct. 1382, 1390 (2000) (quotation marks omitted). Here, Mersch avers that the improper conduct that tainted the first

3

internal investigation is likely to cause him future harm when that investigation is released to the public. But the record reveals that Mersch successfully obtained injunctive relief that removed the tainted investigation from the public record, and we can find no evidence suggesting that Coral Springs failed to comply with that mandate. Therefore, as the district court concluded, "there is no live controversy with respect to which this Court can provide meaningful relief."

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the City of Coral Springs.

**AFFIRMED.**