HONORABLE STEVE C. JONES, UNITED STATES DISTRICT JUDGE
This matter is before the Court on Plaintiff's Motion to Remand, filed on July 10, 2018. Doc. No. [11]. For the reasons discussed below, Plaintiff's Motion to Remand is DENIED .
I. BACKGROUND
Plaintiff Geraldine Thornton Goss ("Plaintiff") filed her initial complaint against Defendants Aetna, Inc., Aetna Life Insurance Company, OptumHealth Care Solutions, LLC, OptumInsight, Inc., and John Doe 1-20 (collectively, the "Defendants")[1] on April 16, 2018, in the Superior Court of Gwinnett County, State of Georgia ("Gwinnett County Superior Court"). See Doc. No. [1-1]. In her initial complaint, Plaintiff alleged that Defendants "worked in concert to devise, perpetrate and benefit from a racketeering scheme to siphon money from Aetna Group Health Care Insurance Plans and the beneficiaries of those plans." Id. at p. 28, ¶ 129. Plaintiff further sought relief under the Georgia Racketeer Influenced Corrupt Organizations Act (the "Georgia RICO Act"); the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"); the federal Mail and Wire Fraud Acts; and several state law claims, including common *1368 law fraud, theft by taking, theft by deception, and theft by conversion. Id. at p. 7. Defendants Aetna Life Insurance Company, OptumHealth Care Solutions, LLC, and OptumInsight, Inc. were served with process on April 18, 2018. See Doc. No. [11], pp. 25, 27, 29. Defendant Aetna, Inc. was served with process on April 20, 2018. See id. at p. 31.
On May 15, 2018, Plaintiff filed her first amended complaint with the Gwinnett County Superior Court, in which she withdrew her claims alleging violations of ERISA and the federal Mail and Wire Fraud Acts.[2] See Doc. No. [2]. Three days later, on May 18, 2018, the Aetna Defendants filed a Notice of Removal with this Court, pursuant to 28 U.S.C. § 1441 and § 1446. See Doc. No. [1]. In the Notice of Removal, the Aetna Defendants allege that Plaintiff's remaining state law claims are completely preempted by ERISA, providing this Court with federal question jurisdiction under 28 U.S.C. § 1331. Id. at p. 1, ¶ 1. The Aetna Defendants also state that "[t]he Optum defendants consent to the removal of this action." Id. at p. 12, ¶ 16. On May 24, 2018, six days after removal, the Optum Defendants filed a Notice of Consent to Removal with this Court. Doc. No. [9]. On July 11, 2018, Plaintiff filed the presently-pending Motion to Remand. Doc. No. [11]. This matter is now ripe for review.
II. DISCUSSION
A. Legal Standard
Federal courts are of limited jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260 (11th Cir. 2000). Therefore, removal of a case from state court to federal court is proper only if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). A federal court has "original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States."[3] 28 U.S.C. § 1331. Further, it is well settled that Defendants, who have removed the action to federal court, bear the burden of establishing federal jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).
B. Analysis
In the Motion to Remand, Plaintiff argues that the Court should remand this case to Gwinnett County Superior Court because (1) the Optum Defendants failed to comply with Georgia Superior Court Rule 4.2 prior to removal; (2) the Optum Defendants failed to properly and timely consent to removal; and (3) there was no federal question in Plaintiff's operative complaint at the time of the removal sufficient to invoke ERISA preemption. Id. at p. 6. The Court will now address each of Plaintiff's arguments in turn.
1. Failure to Comply with Georgia Superior Court Rule 4.2
Plaintiff first argues that the Optum Defendants failed to comply with Georgia Superior Court Rule 4.2 prior to removal, which provides in relevant part that "[n]o attorney shall appear in that capacity before a superior court until the attorney has entered an appearance by *1369 filing a signed entry of appearance form or by filing a signed pleading in a pending action." Id. Specifically, Plaintiff alleges that the Optum Defendants "never filed an entry of appearance with the Gwinnett County Superior Court nor did they sign the Notice of Removal which would have fulfilled the requirement of Rule 4.2." Because the Aetna Defendants alleged the Optum Defendants' consented to removal, Plaintiff argues that it amounted to the Optum Defendants' counsel "appearing in the capacity of an attorney before a superior court without proper compliance with Rule 4.2." Id. at pp. 6-7.
Plaintiff's argument, however, is entirely without merit. As Defendants correctly point out, the Optum Defendants' counsel was not required to appear in Gwinnett County Superior Court because the case had already been removed to this Court. See Doc. No. [13], p. 16. 28 U.S.C. § 1446(d) requires only the "defendant or defendants" who filed the "notice of removal" to "file a copy of the notice with the clerk of [the] State Court." 28 U.S.C. § 1446(d). Further, upon the Aetna Defendants' submission of the Notice of Removal, the Gwinnett County Superior Court entered an order acknowledging that the "matter has been removed" to this Court and thus "administratively terminat[ing] this action." Doc. No. [13], pp. 16-17. The Court therefore rejects this argument.
2. Failure to Properly and Timely Consent to Removal
Plaintiff also contends that the Optum Defendants failed to properly and timely consent to removal. Doc. No. [11], p. 7. Specifically, Plaintiff argues that the Optum Defendants' failure to sign the Aetna Defendants' May 18, 2018, Notice of Removal (Doc. No. [1] ) is insufficient and does not constitute proper consent to removal. Doc. No. [11], p. 9. Plaintiff additionally argues that the Optum Defendants' subsequent Notice of Consent to Removal (Doc. No. [9] ), filed on May 24, 2018, falls outside of the statutory deadline to consent and is thus untimely. Doc. No. [11], p. 9.
28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). 28 U.S.C. § 1446(b)(2)(A) also provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The requirement that "removal must be consented to by all defendants" that have properly been served is commonly referred to as the "unanimity requirement" or the "[r]ule of unanimity." Walker v. Wells Fargo Bank, N.A., No. 1:12-CV-03518-SCJ, 2013 WL 12109503, at *2 n.1 (N.D. Ga. May 30, 2013).
In Walker, this Court acknowledged that there is some disagreement among district courts within the Eleventh Circuit on when and how a defendant is required to effectuate consent. Id.; see, e.g., Nathe v. Pottenberg, 931 F.Supp. 822, 825 (M.D. Fla. 1995) ("To effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b).") (emphasis added); Jasper v. Wal-Mart Stores, Inc., 732 F.Supp. 104, 105 (M.D. Fla. 1990) (stating that "all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants .") (emphasis added).
Numerous other courts, however, have adopted the view that an allegation of *1370 consent satisfies the requirement of unanimous consent for purposes of removal. See, e.g., Mayo v. Bd. Of Educ. Of Prince George's Cty., 713 F.3d 735, 742 (4th Cir. 2013) ("Moreover, we can see no policy reason why removal in a multiple-defendant case cannot be accomplished by the filing of one paper signed by at least one attorney, representing that all defendants have consented to removal."); Proctor v. Vishay Intertechnology, Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."); Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201-02 (6th Cir. 2004) (statement in notice of removal of codefendant's "concurrence in the ... notice of removal" was sufficient to comply with the rule of unanimity). In this case, while the Optum Defendants did not sign the May 18, 2018, Notice of Removal, the Aetna Defendants did allege the consent of the Optum Defendants. Doc. No. [1], p. 12, ¶ 16. Finding this allegation to be sufficient, the Court therefore finds that the Optum Defendants' consent to removal was both proper and timely.
Moreover, even if the Optum Defendants' consent was untimely, remand would still not be warranted. The Eleventh Circuit has previously held that "a defect other than a lack of subject matter jurisdiction" does not necessarily require remand. Hernandez v. Seminole Cty., 334 F.3d 1233, 1236 (11th Cir. 2003) (quotations omitted). A failure to comply with the unanimity requirement is only a procedural defect, not a jurisdictional defect. See Stone v. Bank of N.Y. Mellon, N.A., 609 F. Appx' 979, 981-82 (11th Cir. 2015) (per curium) ("[T]he district court did not err by refusing to remand for a technical defect related to the unanimity rule."); see also Waldon v. ACE Am. Ins. Co., No. 1:16-CV-1608-AT, 2016 WL 10393763, at *1 (N.D. Ga. Aug. 19, 2016) (holding that a defendant's explicit consent in both its notice of consent and in its opposition to the motion to remand were "sufficient to establish that the technical defect concerning the rule of unanimity [had] been cured."). Accordingly, in this case, the Optum Defendants' subsequent May 24, 2018, Notice of Consent to Removal (Doc. No. [9] ) cured any procedural defect related to the unanimity requirement.
3. ERISA Preemption
Plaintiff's final argument is that there was no federal question in the operative complaint (i.e. Plaintiff's first amended complaint) at the time of the removal sufficient to invoke ERISA preemption. Doc. No. [11], p. 10. The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." Diaz, 85 F.3d 1502, 1505 (11th Cir. 1996) (citation omitted). Complete preemption, however, is an exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) ; see also Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999) ("When Congress comprehensively occupies a field of law, any civil complaint raising this select group of claims is necessarily federal in character and thus furnishes subject-matter jurisdiction under 28 U.S.C. § 1331.") (citation omitted).
ERISA provides a uniform regulatory regime over employee benefit *1371 plans and includes expansive preemption provisions which are intended to ensure that employee benefit plan regulation remains "exclusively a federal concern." Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). Section 502(a) creates a cause of action for beneficiaries to recover benefits or enforce rights under an ERISA plan. 29 U.S.C. § 1132. Further, ERISA is one of only a few federal statutes under which two types of preemption may arise: conflict preemption and complete preemption. Conflict preemption, also known as defensive preemption, is a substantive defense to preempted state law claims. Jones v. LMR Int'l, Inc., 457 F.3d 1174, 1179 (11th Cir. 2006). This type of preemption arises from ERISA's express preemption provision, Section 514(a), which preempts any state law claim that "relates to" an ERISA plan. 29 U.S.C. § 1144(a). Because conflict preemption is merely a defense, it is not a basis for removal. Gully v. First Nat'l Bank, 299 U.S. 109, 115-16, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936) ; see also Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1012 n. 6 (11th Cir. 2003) (stating that "defensive preemption ... provides only an affirmative defense to state law claims and is not a basis for removal").
Complete preemption, also known as super preemption, is a judicially-recognized exception to the well-pleaded complaint rule. It differs from defensive preemption because it is jurisdictional in nature rather than an affirmative defense. Jones, 457 F.3d at 1179 (citing Ervast, 346 F.3d at 1014 ). Complete preemption under ERISA derives from ERISA's civil enforcement provision, Section 502(a), which has such "extraordinary" preemptive power that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Consequently, any "cause of action within the scope of the civil enforcement provisions of § 502(a) [is] removable to federal court." Id. at 66, 107 S.Ct. 1542. Because this case deals with removal, the Court's analysis concerns complete preemption only and not conflict preemption.
In 2004, the Supreme Court set forth the following, two-prong inquiry for complete preemption:
[I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).
Aetna Health Inc. v. Davila, 542 U.S. 200, 210, 124 S.Ct. 2488, 2496, 159 L.Ed.2d 312 (2004). In other words, the Davila two-prong test requires two inquiries: (1) whether the plaintiff could have brought its claim under Section 502(a); and (2) whether no other legal duty supports the plaintiff's claim. Id.
In applying the first prong of the Davila test, the Court must inquire as to whether Plaintiff "at some point in time" could have brought her claims under Section 502(a) of ERISA. In doing so, the Court must look beyond "labels affixed to claims" and assess whether the plaintiff's assertions give rise to potential claims under ERISA.
*1372 Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1350 (11th Cir. 2009). In this case, as Defendants correctly point out, not only could Plaintiff have brought her claims under ERISA, Plaintiff originally did bring her claims under ERISA in her initial complaint. See Doc. No. [1-1]. Although Plaintiff ultimately withdrew the ERISA claim in the first amended complaint, her remaining state law claims still rest on the exact same or similar allegations based entirely on her ERISA plan. See Doc. No. [2], p. 2 ("The pattern of racketeering activity perpetrated against Plaintiff resulted in the equivalent of approximately one-half ("1/2") the dollar amount legitimately paid to her physical therapy provider, from Plaintiff's insurance benefits , being fraudulently paid to Optum.") (emphasis added). Therefore, the Court finds that the first prong of the Davila test is satisfied.
Further, in applying the second prong of the Davila test, the Court must inquire as to whether any other independent legal duty is implicated by Defendants' actions. The Eleventh Circuit has previously held that "[i]f some of a party's claims implicate legal duties dependent on the interpretation of an ERISA plan, the claims are completely preempted." Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1288 (11th Cir. 2011) (citation omitted); see also Gables Ins. Recovery, Inc. v. Blue Cross and Blue Shield of Fla., Inc., 813 F.3d 1333, 1338 (11th Cir. 2015) (holding that claims that "necessarily depend upon a breach of the ERISA plan ... do not arise out of a separate duty independent on the plan."). In this case, determining whether Plaintiff is entitled to relief under any of her state law claims would necessarily require the interpretation of her ERISA plan's terms. See All. Med, LLC v. Blue Cross & Blue Shield of Ga., Inc., No. 2:15-CV-00171-RWS, 2016 WL 3208077, at *3 (N.D. Ga. June 10, 2016) (holding that claims for "misrepresentation, fraud, unfair trade practices, theft by deception, and RICO conspiracy" did not "implicate a legal duty independent of those imposed by ERISA" because "[r]esolution of these claims will necessarily require examining the ... plan documents."). Thus, the Court also finds that the second prong of the Davila test is satisfied.
As a final note, to the extent that only some of Plaintiff's state law claims are completely preempted under ERISA, the Court exercises supplemental jurisdiction over any remaining claims pursuant to 28 U.S.C. § 1367(a) because all of the claims "arise out of the same general allegations." See Ehlen, 660 F.3d at 1288.
III. CONCLUSION
For the reasons discussed above, Plaintiff's Motion to Remand (Doc. No. [11] ) is DENIED .
IT IS SO ORDERED this 31st day of January, 2019.

Aetna, Inc. and Aetna Life Insurance Company are referred to collectively as the "Aetna Defendants" and OptumHealth Care Solutions, LLC and OptumInsight, Inc. are collectively referred to as the "Optum Defendants".

According to Plaintiff, counsel for Defendants indicated to Plaintiff's counsel that they intended to remove the action to federal court. See Doc. No. [11], p. 11. In response, Plaintiff's counsel stated that they "would do everything possible to get the case remanded back to Gwinnett County Superior Court." Id. Plaintiff subsequently filed the first amended complaint, withdrawing all her federal claims. Doc. No. [2]

A federal court also may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. See 28 U.S.C. § 1332(a). Defendants, however, have not asserted diversity as a basis of removal.